```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
FREDERICK FRANKLIN,

                Petitioner,

          -v-                                           No. 12-CV-4354-LTS-MHD

DARWIN LACLAIRE,

                Respondent.
-------------------------------------------------------x
```

<u>MEMORANDUM ORDER</u>

    <u>Pro se</u> petitioner Frederick Franklin ("Franklin" or "Petitioner") petitioned for a Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254 on May 25, 2012, seeking relief from his 1986 judgment of conviction in the Supreme Court of the State of New York in New York County, on charges of second-degree murder, second-degree attempted murder and first-degree assault. Pursuant to 28 U.S.C. § 2244(d)(1), Respondent moved to dismiss the Petition as untimely. (<u>See</u> Docket Entry No. 14.) On September 5, 2013, Magistrate Judge Michael Dolinger issued a Report & Recommendation (the "Report"), recommending that Respondent's motion to dismiss be granted. (<u>See</u> Docket Entry No. 21.) Neither party filed a timely objection and the Court adopted the Report in its entirety on September 24, 2013. (<u>See</u> Docket Entry No. 21.) On September 25, 2013, the Clerk of Court closed the case.

    On October 11, 2013, Petitioner filed a motion to vacate the Court's order, pursuant to Federal Rule of Civil Procedure 60(b), arguing that he never received a copy of the Report and therefore had no opportunity to review the Report and file an objection. (<u>See</u> Docket Entry No. 23.) On December 17, 2013, the Court granted Petitioner's motion to vacate, ordering Petitioner to file any objection(s) to Magistrate Judge Dolinger's Report by January 13, 2014,

and advising him that if he did not file by that date, the Court would reinstate its September 24, 2013, Order and the Judgment.  (See Docket Entry No. 26.)  On January 6, 2014, Petitioner was granted an extension of time and filed his Objections on February 6, 2014.[1]  Respondent did not file any opposition.  The Court has considered carefully the parties' submissions and arguments, and Petitioner's Objections are overruled in their entirety.

## DISCUSSION

"The Court may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Sacks v. Gandhi Engineering, Inc., No. 11-CV-5778, 2014 WL 774965 at *2 (S.D.N.Y. Feb. 27, 2014).  To the extent that a party makes specific objections to the Report, the court must make a de novo decision as to the magistrate judge's findings.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  If the party makes general or conclusory objections or reiterates the original arguments, the Court will review the report strictly for clear error.  Sacks, 2014 WL 774965 at *2; see also Kelly v. Lempke, No. 08-CV-8241-BSJ-RLE, 2012 WL 5427909, at *1 (S.D.N.Y. Nov. 7, 2012) (a court will apply clear error review if a petitioner's objections are "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition").  "The Court is mindful that pro se parties are generally accorded leniency when making objections."  Jones v. Smith, No. 09 Civ. 6497, 2012 WL 1592190, at *1 (S.D.N.Y. May

---

[1] Petitioner's objections were filed on ECF three days after the deadline set by the Court of February 3, 2014, but in light of Petitioner's pro se status, his imprisonment, his previous problems with the prison mail system and the fact that his Objections are dated January 30, 2013, the Court accepts Plaintiff's Objections for consideration. See, e.g., Deutsch v. Tippy, No. 93-CV-1472, 1995 WL 760813, at *1 (S.D.N.Y. Nov. 14, 1995) ("because of petitioner's pro se status and his late receipt of the Report-Recommendation due to his relocation within the prison system, the Court will accept petitioner's objections for consideration").

7, 2012) (citations omitted).  Nonetheless, "to trigger de novo review, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's report."  Id.[2]

In his opposition to Respondent's motion to dismiss his Petition as untimely, Franklin argued that, until he obtained the purported Brady[3] material that he sought, he faced an "impediment" to filing for habeas relief, which justified stopping the one-year limitations clock pursuant to 28 U.S.C. § 2244(d)(1)(B), and that he had newly discovered evidence that could not have been discovered earlier, which also justified his late filing under § 2244(d)(1)(D).[4]  Magistrate Judge Dolinger, in a thorough and detailed Report, found that the presumptive deadline for Franklin to have filed his Petition under § 2244(d)(1)(A)[5] was April 24, 1997, and

---

[2]   The background of this case and Magistrate Judge Dolinger's findings are set out in great detail in the Report.  The Court presumes familiarity with the Report and all prior proceedings and recounts facts only to the extent necessary for resolution of Petitioner's objections.

[3]   The Court understands Petitioner to be referring to exculpatory evidence that must be disclosed by the prosecution under Brady v. Maryland, 373 U.S. 83 (1963).

[4]   In his Petition, Franklin had argued that the prosecutor violated his rights under Brady v. Maryland, 373 U.S. 83 (1963) by not disclosing the minutes of a plea entered by the principal prosecution witness, Robert Robinson ("Robinson"), in March 1982; that the prosecutor engaged in misconduct by not correcting Robinson's false testimony as to the details of his prior plea agreement and sentence; that the prosecutor bolstered Robinson's false testimony by stating that there was no evidence that he had received a quid pro quo for his testimony; that Petitioner was denied effective appellate counsel as his lawyer did not argue prosecutorial misconduct on his direct appeal; and that he was denied effective appellate counsel because his lawyer did not argue ineffective assistance of trial counsel based on his trial counsel's failure to use five police reports that, Petitioner argues, showed that Robinson had not immediately identified Petitioner as a shooter in the charged crime.

[5]   See 28 U.S.C.A. § 2244(d)(1)(A) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of – (A) the date on which the judgment became final by the conclusion of direct review or the

that the statute of limitations period under § 2244(d)(2)[6] could not be tolled because Petitioner's administrative and state court filings did not fit within the bounds of the statutory provision and there were gaps of time when he did not have any applications pending.  (See Report at 25-26.) Judge Dolinger further recommended a finding that an alternative start date to the limitations period for filing the Petition under § 2244(d)(1)(B) was not warranted because neither Franklin's alleged efforts to obtain Brady material nor his argument that the State hid relevant facts constituted an "impediment" to filing for habeas relief.  (Report at 27-29.)  To the extent that Franklin argued that applications for Brady material, when brought as collateral challenges, could postpone the habeas deadline, Magistrate Judge Dolinger explained how Franklin's theory was not supported by law or the factual record.  (Id. at 29.)  Finally, the Report recommended findings that there were no newly discovered claims or factual predicates for such claims that could authorize a late filing under § 2244(d)(1)(D).  (See Report at 32.)

      In his Objections, Franklin reiterates both the arguments that he originally made in his Petition and the arguments that he made in opposition to Respondent's motion to dismiss.[7] The Court thus reviews Franklin's Objections to the Report for clear error and finds none. However, even under a de novo review standard, Franklin's Objections are meritless.

---

expiration of the time for seeking such review").

[6]    See 28 U.S.C.A. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection").

[7]    As he did in his Petition, Franklin argues that Robinson's cooperation agreement should have been disclosed to the jury at trial (Obj. at 4); that the prosecutor engaged in misconduct by not correcting Robinson's false testimony as to the details of his prior plea agreement and sentence (Obj. at 15); and that the prosecutor bolstered Robinson's false testimony by stating that there was no evidence that he had received a quid pro quo.  (Obj. at 3.)

Franklin contends that his Petition is timely under § 2244(d)(1)(B) because he filed it within one year of March 25, 2009, which was the date "he exhausted the appeal process, challenging the People's argument that Robinson's 1982 Plea Bargain Transcript w[as] no longer in their possession." (Obj. at 7, 8.) According to Petitioner, he first sought to obtain the exculpatory evidence on December 28, 1993, and exhausted the process on March 25, 2009. (Obj. at 10.)[8] As Magistrate Judge Dolinger has explained in the Report, Franklin's filings do not warrant tolling the statute of limitations period as Petitioner's various efforts, except for his 1992 coram nobis motion, do not constitute applications for "review with respect to the pertinent judgment or claim" under 28 U.S.C. § 2244(d)(2). See, e.g., Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001) ("if a filing of that sort could toll the . . . limitations period, prisoners could substantially extend the time for filing federal habeas petitions by pursuing in state court a variety of applications that do not challenge the validity of their convictions"). Moreover, even if Franklin's various applications could constitute collateral challenges to his conviction, the gaps of time between them collectively total more than one year and, as Judge Dolinger found, because tolling does not reset the limitations clock, Franklin could not establish a sufficient cumulative tolling period to keep his Petition within the one-year limitation. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) ("proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run").

Franklin also argues in his Objections that he was prevented from raising the

---

[8] The Court notes that, even if Petitioner had exhausted the process on March 25, 2009, the Petition would still be untimely under § 2244 (d)(1)(A), as it was not filed until May 25, 2012.

issues in his Petition earlier because he "would have been required to assume that the prosecutor had lied" (Obj. at 4) and that, without having the Brady material he sought relating to Robinson (i.e., the Robinson plea bargain transcript and the police reports), Petitioner faced impediment(s) precluding him from exhausting all of his claims (Obj. at 7, 13, 16). Petitioner further objects to the recommendation that he should not be provided with an alternative start date for the limitations period under 28 U.S.C. § 2244(d)(1)(D) because, according to Petitioner, even applying "due diligence," he "would not have . . . discover[ed] the [Robinson Plea transcript or the] full extent of any consideration, promise of consideration, or expectation of consideration offered to the principal witness, Robert Robinson." (Obj. at 8-10.) As Magistrate Judge Dolinger has explained, however, Petitioner was on notice as to the subject of the plea agreement with Robinson and does not identify any recent event as having removed a purported impediment. To the contrary, there is no impediment in the record that would have prevented Franklin from timely filing. He was free to pursue all of his claims in either state court or through collateral challenge. Nor is there any support in the record for Petitioner's argument that the State hid pertinent facts. (Report at 28-29.) Accordingly, the Court overrules Franklin's Objections, adopts the Report in its entirety, and grants Respondent's motion to dismiss.

CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the Petition is granted. This Memorandum Order resolves docket entry number 14.

The Clerk of Court is hereby directed to enter judgment denying the Petition and to close this case.

As Petitioner has not made a substantial showing of the denial of a constitutional

right, a certificate of appealability will not issue.  28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is also denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
       September 26, 2014

                                                           /s/ Laura Taylor Swain
                                                          LAURA TAYLOR SWAIN
                                                          United States District Judge

Copy of this Order mailed to:

Mr. Frederick Franklin
DIN# 85-A-1567
Franklin Correctional Facility
62 Bare Hill Road
P.O. Box 10
Malone, New York 12953